IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | CRIMINAL NO. EP-25-CR-00274-LS |
| v. § | |
| § | |
| DAIKELY YULIANYS LOPEZ- § | |
| CEDENO, § | |
| § | |
| Defendant. § | |

**GOVERNMENT'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM**

Comes now the United States of America, by and through the United States Attorney and the undersigned Assistant United States Attorney, and submits the following proposed jury instructions from the Fifth Circuit Pattern Jury Instructions[1]:

**Preliminary Instructions**

1.01 Preliminary Instructions

Members of the Jury:

Now that you have been sworn, I will give you some preliminary instructions to guide you in your participation in the trial.

***Duty of the jury:***

It will be your duty to find from the evidence what the facts are. You and you alone will be the judges of the facts. You will then have to apply those facts to the law as the court will give it to you. You must follow that law whether you agree with it or not. Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. In particular, do not let racial, ethnic, national origin, or other bias influence your decision in any way.

Nothing the court may say or do during the course of the trial is intended to indicate, or should be taken by you as indicating, what your verdict should be.

---

[1] From the 2024 Edition of the Fifth Circuit Pattern Jury Instructions.

*Evidence*:

The evidence from which you will find the facts will consist of the testimony of witnesses, documents, and other items received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that the court may instruct you to find.

Certain things are not evidence and must not be considered by you. I will list them for you now.

1. Statements, arguments, and questions by lawyers are not evidence.

2. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3. Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

4. Anything you may have seen, heard, or read outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. I will give you further instructions on these as well as other matters at the end of the case, but keep in mind that you may consider both kinds of evidence.

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject. I will give you some guidelines for determining the credibility of witnesses at the end of the case.

*Rules for criminal cases*:

As you know, this is a criminal case. There are three basic rules about a criminal case that you must keep in mind.

   *First*: the defendant is presumed innocent until proven guilty. The indictment brought by the government against the defendant is only an accusation, nothing more. It is not proof of guilt or anything else. The defendant therefore starts out with a clean slate.

   *Second*: the burden of proof is on the government until the very end of the case. The defendant has no burden to prove his or her innocence, or to present any evidence, or to

testify. Since the defendant has the right to remain silent, the law prohibits you from arriving at your verdict by considering that the defendant may not have testified.

*Third*: the government must prove the defendant's guilt beyond a reasonable doubt. I will give you further instructions on this point later but bear in mind that in this respect a criminal case is different from a civil case.

**Summary of applicable law:**

In this case the defendant is charged with Assault on a Federal Officer. I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the elements of the offense that the government must prove beyond a reasonable doubt to make its case.

*First*: That the defendant forcibly assaulted, resisted, opposed, impeded, intimidated, interfered with a federal officer, as described below;

*Second*: That the federal officer was forcibly assaulted, resisted, opposed, impeded, intimidated, interfered with while engaged in the performance of his or her official duty or on account of the performance of official duties;

*Third*: That the defendant did such acts intentionally; and

*Fourth*: That in doing such acts, the defendant inflicted bodily injury.

The term "forcible assault" means any intentional attempt or threat to inflict injury upon someone else when a defendant has the apparent present ability to do so. This includes any intentional display of force that would cause a reasonable person to expect immediate bodily harm, regardless of whether the victim was injured, or the threat or attempt was actually carried out.

The term "bodily injury" means an injury that is painful and obvious, or an injury for which medical attention would ordinarily be sought.

**Conduct of the jury:**

Now, a few words about your conduct as jurors.

During the course of the trial, do not speak with any witness, or with the defendant, or with any of the lawyers in the case. Please do not talk with them about any subject at all. You may be unaware of the identity of everyone connected with the case. Therefore, in order to avoid even the appearance of impropriety, do not engage in any conversation with anyone in or about the courtroom or courthouse. It is best that you remain in the jury room during breaks in the trial and do not linger in the hall. In addition, during the course of the trial, do not talk about the trial with anyone else—not your family, not your friends, not the people with whom you work. Also, do not discuss this case among yourselves until I have instructed you on the

law and you have gone to the jury room to make your decision at the end of the trial. Otherwise, without realizing it, you may start forming opinions before the trial is over. It is important that you wait until all the evidence is received and you have heard my instructions on rules of law before you deliberate among yourselves.

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent research about this case, the matters in this case, and the individuals or corporations involved in the case. In other words, you should not consult dictionaries or reference materials, search the internet, websites, or blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

I know that many of you use cell phones, the internet, and other tools of technology. You also must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case through any means, including your cell phone, through e-mail, iPhone, text messaging, or on Snapchat or Twitter, or through any blog or website, including Facebook, Google, WhatsApp, Instagram, LinkedIn, or YouTube. You may not use any similar technology of social media, even if I have not specifically mentioned it here. I expect you will inform me as soon as you become aware of another juror's violation of these instructions. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

***Course of the trial*:**

I will now give you a roadmap to help you follow what will happen over the entire course of this trial. First, the government will make an opening statement, which is simply an outline to help you understand the evidence as it is admitted. Next, the defendant's attorney may, but does not have to, make an opening statement. Opening statements are neither evidence nor arguments.

The government will then present its witnesses, and counsel for the defendant may cross-examine them. Following the government's case, the defendant may, if he [she] wishes, present witnesses whom the government may cross-examine. If the defendant decides to present evidence, the government may introduce rebuttal evidence.

After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and the court will instruct you on the law. After that, you will retire to deliberate on your verdict.

The trial will now begin.

1.02 Note Taking by Jurors (Alternative B)

If you would like to take notes during the trial, you may do so. On the other hand, you are not required to take notes if you prefer not to do so. Each of you should make your own decision about this.

If you decide to take notes, be careful not to get so involved in the note-taking that you become distracted from the ongoing proceedings. Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you do not take notes, you should rely upon your own independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you take notes or not, each of you must form and express your own opinion as to the facts of the case.
You will note that we do have an official court reporter making a record of the trial; however, we will not have typewritten transcripts of this record available for your use in reaching a decision in this case.

**Final Instructions**

1.03 Introduction to Final Instructions

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about the burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case. Finally, I will explain to you the procedures you should follow in your deliberations.

1.04 Duty to Follow Instructions

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy, and without consulting any outside or online source or materials. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

1.05 Presumption of Innocence, Burden of Proof, Reasonable Doubt

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The defendant begins with a clean slate. The law does not require a defendant to prove his innocence or produce any evidence at all [and no inference whatever may be drawn from the election of a defendant not to testify].

The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant. While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

1.06 Evidence-Excluding What is Not Evidence

As I told you earlier, it is your duty to determine the facts. To do so, you must consider only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits. The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the

law, you should disregard anything I may have said during the trial in arriving at your own verdict.

1.08 Evidence-Inferences-Direct and Circumstantial (Alternative B)

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weights to be given either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find the defendant guilty.

1.09 Credibility of Witnesses

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses [including the defendant] who testified in this case. You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he or she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

[The testimony of the defendant should be weighed, and his credibility evaluated in the same way as that of any other witness.]

7

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

1.10 Character Evidence (if necessary)

Where a defendant has offered evidence of good general reputation for [opinion testimony concerning]: truth and veracity, honesty and integrity, or character as a law-abiding citizen, you should consider such evidence along with all the other evidence in the case.

Evidence of a defendant's character, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt, since you may think it improbable that a person of good character with respect to those traits would commit such a crime.

1.11 Impeachment by Prior Inconsistencies (if necessary)

The testimony of a witness may be discredited by showing that the witness testified falsely, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may not consider the earlier statements to prove that the content of an earlier statement is true; you may only use earlier statements to determine whether you think the earlier statements are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

1.12 Impeachment by Prior Conviction (Defendant's Testimony) (if necessary)

You have been told that the defendant, Daikely Yulianys Lopez-Cedeno, was found guilty in the Western District of Texas, El Paso Division on January 13, 2025, for the crime of Improper Entry by an Alien. This conviction has been brought to your attention only because you may wish to consider it when you decide, as with any witness, how much of the defendant's testimony you will believe in this trial. The fact that the defendant was previously found guilty of that crime does not mean that the defendant committed the crime for which the defendant is on trial, and you must not use this prior conviction as proof of the crime charged in this case.

1.13 Impeachment by Prior Conviction (Witness Other Than Defendant) (if necessary)

You have been told that the witness, _____ (*name witness*), was convicted in _____ (*name jurisdiction and date*) of _____ (*name offense, e.g., armed robbery*). A conviction is a factor you may consider in deciding whether to believe that witness, but it does not necessarily destroy the witness's credibility. It has been brought to your attention only because you may wish to consider it when you decide whether you believe the witness's testimony. It is not evidence of anything else.

1.19 On or About

You will note that the indictment charges that the offense was committed on or about a specified date. The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near January 14, 2025, the date stated in the indictment.

1.21 Caution-Consider Only Crime Charged

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

1.22 Caution-Punishment

If a defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

1.26 Duty to Deliberate

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. Recall, you must base your verdict solely on the evidence, testimony, and stipulations at trial and not on any outside or online material or source. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. In particular, do not let racial, ethnic, national origin, or other bias influence your decision in any way. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience.

(*Explain verdict form.*)

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

1.31 Identification Testimony

In any criminal case the government must prove not only the essential elements of the offense or offenses charged, as hereafter defined, but must also prove, beyond a reasonable doubt, the identity of the defendant as the perpetrator of the alleged offense[s].

In evaluating the identification testimony of a witness, you should consider all of the factors already mentioned concerning your assessment of the credibility of any witness in general, and should also consider whether the witness had an adequate opportunity to observe the person in question at the time or times about which the witness testified. You may consider all matters, including the length of time the witness had to observe the person in question, the prevailing conditions at that time in terms of visibility or distance and the like, and whether the witness had known or observed the person at earlier times.

You may also consider the circumstances surrounding the identification itself including, for example, the manner in which the defendant was presented to the witness for identification and the length of time that elapsed between the incident in question and the next opportunity the witness had to observe the defendant.

If, after examining all of the testimony and evidence in the case, you have a reasonable doubt as to the identity of the defendant as the perpetrator of the offense charged, you must find the defendant not guilty.

1.50  Transcript of Foreign Language – Tape Recorded Conversation

Among the exhibits admitted during the trial were recordings that contained conversations in the Spanish language. You were also provided an English language transcript of those conversations, which has been admitted into evidence. The transcript was provided to you by the government so that you can consider the content of the conversations on the recordings. The accuracy of the transcript is not disputed in this case.

Although some of you may speak Spanish, it is important that all jurors consider the same evidence. Therefore, you must accept the English translation contained in the admitted transcript and disregard any different meaning.

**Substantive Offense Instruction**

2.07  Forcibly Assaulting a Federal Officer – 18 U.S.C. § 111(a)(1)

Title 18, United States Code, Section 111(a)(1) makes it a crime for anyone to forcibly assault, resist, oppose, impede, intimidate, interfere with any person designated as a federal officer or employee of the United States or of any agency in any branch of the United States Government (including any member of the uniformed services) while the officer is engaged in the performance of his or her official duties.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant forcibly assaulted, resisted, opposed, impeded, intimidated, interfered with a federal officer, as described below;

*Second*: That the federal officer was forcibly assaulted, resisted, opposed, impeded, intimidated, interfered with while engaged in the performance of his or her official duty or on account of the performance of official duties;

*Third*: That the defendant did such acts intentionally;

*Fourth*: That in doing such acts, the defendant inflicted bodily injury.

The term "forcible assault" means any intentional attempt or threat to inflict injury upon someone else when a defendant has the apparent present ability to do so. This includes any intentional display of force that would cause a reasonable person to expect immediate bodily harm, regardless of whether the victim was injured, or the threat or attempt was actually carried out.

The term "bodily injury" means an injury that is painful and obvious, or an injury for which medical attention would ordinarily be sought.

You are instructed that a Contract Detention Officer is a federal officer, and that it is a part

of the official duty of such an officer to monitor and control detainees at the El Paso Processing Center in El Paso, Texas.

It is not necessary to prove the defendant knew the person being forcibly assaulted was, at that time, a federal officer carrying out an official duty, so long as it is established beyond a reasonable doubt that the person assaulted was, in fact, a federal officer acting in the course of his or her duty and that the defendant intentionally committed a forcible assault upon that officer.

On the other hand, the defendant would not be guilty of an assault if the evidence leaves you with a reasonable doubt as to whether the defendant knew the person to be a federal officer and only committed such an act because of a reasonable, good faith belief that the defendant needed to defend himself or herself against an assault by a private citizen.

DATED this 15th day of April, 2025.

Respectfully submitted,

MARGARET F. LEACHMAN
ACTING UNITED STATES ATTORNEY

By:  */s/ Stanley M. Serwatka*
Stanley M. Serwatka
Assistant United States Attorney
Texas Bar No. 18038400
700 East San Antonio, Suite 200
El Paso, Texas 79901
(915) 534-6884

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2025, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System, which will transmit notification of such filing to the attorney of record for the Defendant.

*/s/ Stanley M. Serwatka*
Stanley M. Serwatka
Assistant U.S. Attorney

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § § | |
| **Plaintiff,** § § | |
| v. § § | **CRIMINAL NO. EP-25-CR-00274-LS** |
| **DAIKELY YULIANYS LOPEZ-CEDENO,** § § § | |
| **Defendant.** § § | |

## VERDICT FORM

### COUNT 1

We, the jury in the above-entitled cause, find Defendant, **DAIKELY YULIANYS LOPEZ-CEDENO**, _____ (guilty or not guilty) as to the charge in Count 1 of the Indictment.

Dated this \_\_\_\_ day of April, 2025.

_____
FOREPERSON