# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **No. 3:25-CR-00274-LS** |
| | § | |
| **DAIKELY  YULIANYS  LOPEZ-CEDENO,** | § | |
| | § | |
| | § | |
| *Defendant*. | § | |

## FINAL JURY INSTRUCTIONS

MEMBERS OF THE JURY:

You have now heard all of the evidence in this case. It is almost time for you to begin your deliberations. But, first I must provide you with instructions.

In any jury trial there are, in effect, two judges. I am one of the judges; the other is you – the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case. For example, I will give you instructions about the burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case. Finally, I will explain to you the procedures you should follow in your deliberations.

<u>DUTY TO FOLLOW INSTRUCTIONS</u>

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy, and without consulting any outside or online source or materials. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

## PRESUMPTION OF INNOCENCE,
## BURDEN OF PROOF, REASONABLE DOUBT

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The defendant begins with a clean slate. The law does not require a defendant to prove her innocence or produce any evidence at all and no inference whatever may be drawn from the election of a defendant not to testify.

The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant. While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

EVIDENCE—EXCLUDING WHAT IS NOT EVIDENCE

As I told you earlier, it is your duty to determine the facts. To do so, you must consider only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits. The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial, I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

## EVIDENCE – INFERENCES
## DIRECT AND CIRCUMSTANTIAL

While you should consider only the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

You may consider both direct and circumstantial evidence. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of events and circumstances from which you may infer facts as are reasonable and logical.

The law makes no distinction between the weight you may give to either direct or circumstantial evidence. It requires only that you weigh all of the evidence. While you may draw reasonable inferences, you may not speculate or surmise as to any fact. Neither may you base an inference on any facts unless those facts have been found to have been proven. Only if you are convinced of the defendant's guilt, based on all the evidence, beyond a reasonable doubt, can he be convicted.

Any inference relied on to prove any fact essential to any charge in this case must be substantiated beyond a reasonable doubt before you may draw such inference.

<u>CREDIBILITY OF WITNESSES</u>

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he or she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

The testimony of the defendant should be weighed, and her credibility evaluated in the same way as that of any other witness.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying

for one side on that point. You will always bear in mind that the law never imposes upon a

defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

## TESTIMONY OF OFFICERS, OFFICIALS OR AGENTS

There was testimony here from law enforcement agents. The testimony of an officer or agent is entitled to no special or exclusive sanctity merely because it comes from an officer or agent. An officer or agent who takes the witness stand subjects his or her testimony to the same examination and the same tests that any other witness does and, in the case of an officer or an agent, you should not believe him or her merely because he or she is an officer or an agent. You should recall his or her demeanor on the stand, his or her manner of testifying, the substance of his or her testimony, and weigh and balance it just as carefully as you would the testimony of any other witness.

Each officer or agent who testified is not entitled to be given more or less credibility or to be believed more or less than any other witness who might be called as a witness only because of their position.

<u>CONFESSION – STATEMENT VOLUNTARINESS (SINGLE DEFENDANT)</u>

In determining whether any statement, claimed to have been made by the defendant outside of court and after an alleged crime has been committed, was knowingly and voluntarily made, you should consider the evidence concerning such a statement with caution and great care. You should give such weight to the statement as you feel it deserves under all the circumstances.

You may consider in that regard such factors as the age, sex, training, education, occupation, and physical and mental condition of the defendant, her treatment while under interrogation, and all the other circumstances in evidence surrounding the making of the statement.

<u>CAUTION—CONSIDER ONLY CRIME CHARGED</u>

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

<u>CAUTION—PUNISHMENT</u>

If a defendant is found guilty, it will be my duty to decide what the punishment will be. You should

not be concerned with punishment in any way. It should not enter your consideration or discussion.

## IMPEACHMENT BY PRIOR INCONSISTENCIES

The testimony of a witness may be discredited by showing that the witness testified falsely, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may not consider the earlier statements to prove that the content of an earlier statement is true; you may only use earlier statements to determine whether you think the earlier statements are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

## ON OR ABOUT

You will note that the indictment charges that the offense was committed on or about a specified date. The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near January 14, 2025, the date stated in the indictment.

## IDENTIFICATION TESTIMONY

In any criminal case the government must prove not only the essential elements of the offense or offenses charged, as hereafter defined, but must also prove, beyond a reasonable doubt, the identity of the defendant as the perpetrator of the alleged offense.

In evaluating the identification testimony of a witness, you should consider all of the factors already mentioned concerning your assessment of the credibility of any witness in general, and should also consider whether the witness had an adequate opportunity to observe the person in question at the time or times about which the witness testified. You may consider all matters, including the length of time the witness had to observe the person in question, the prevailing conditions at that time in terms of visibility or distance and the like, and whether the witness had known or observed the person at earlier times.

You may also consider the circumstances surrounding the identification itself including, for example, the manner in which the defendant was presented to the witness for identification and the length of time that elapsed between the incident in question and the next opportunity the witness had to observe the defendant.

If, after examining all of the testimony and evidence in the case, you have a reasonable doubt as to the identity of the defendant as the perpetrator of the offense charged, you must find the defendant not guilty.

## UNANIMITY OF THEORY

You have been instructed that your verdict, whether it is guilty or not guilty, must be unanimous. The following instruction applies to the unanimity requirement as to the sole count, Forcibly Assaulting a Federal Officer.

Count One of the indictment accuses the defendant of committing the crime of Forcibly Assaulting a Federal Officer by forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with a federal officer while he or she was engaged in the performance of official duties.

The government does not have to prove all of these for you to return a guilty verdict on this charge. Proof beyond a reasonable doubt on one is enough. But in order to return a guilty verdict, all of you must agree that the same one has been proved.

## TRANSCRIPT OF A FOREIGN LANGUAGE—TAPE RECORDED CONVERSATION

Among the exhibits admitted during the trial were recordings that contained conversations in Spanish language. You were also provided an English language transcript of those conversations, which has been admitted into evidence. The transcript was provided to you by the government so that you can consider the content of the conversations on the recordings. The accuracy of the transcript is not disputed in this case.

Although some of you may speak Spanish, it is important that all jurors consider the same evidence. Therefore, you must accept the English translation contained in the admitted transcript and disregard any different meaning.

## ELEMENTS OF THE OFFENSE
## FORCIBLY ASSAULTING A FEDERAL OFFICER

Title 18, United States Code, Section 111(a)(1) makes it a crime for anyone to forcibly assault, resist, oppose, impede, intimidate, and/or interfere with, any person designated as a federal officer or employee of the United States or of any agency in any branch of the United States Government (including any member of the uniformed services) while the officer is engaged in the performance of his or her official duties.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant forcibly assaulted, resisted, opposed, impeded, intimidated, and/or interfered with a federal officer, as described below;

*Second*: That the federal officer was forcibly assaulted, resisted, opposed, impeded, intimidated, and/or interfered with while engaged in the performance of his or her official duty or on account of the performance of official duties;

*Third*: That the defendant did such acts intentionally; and

*Fourth*: That such acts involved biting the officer.

You are instructed that a Contract Detention Officer is a federal officer, and that it is a part of the official duty of such an officer to monitor and control detainees at the El Paso Processing Center in El Paso, Texas.

It is not necessary to prove the defendant knew the person being forcibly assaulted was, at that time, a federal officer carrying out an official duty, so long as it is established beyond a reasonable doubt that the person assaulted was, in fact, a federal officer acting in the course of his or her duty and that the defendant intentionally committed a forcible assault upon that officer.

17

INTENTIONALLY—TO ACT

The offense charged in the indictment requires that the government prove that the defendant acted "intentionally" with respect to certain elements of the offense. This means that the government must prove beyond a reasonable doubt either that (1) it was the defendant's conscious desire or purpose to act in a certain way or to cause a certain result, or that (2) the defendant knew that she was acting in that way or would be practically certain to cause that result.

In deciding whether the defendant acted "intentionally," you may consider evidence about what she said, what she did and failed to do, how she acted, and all the other facts and circumstances shown by the evidence that may prove what was in her mind at that time.

## SELF-DEFENSE

The defendant has offered evidence that she acted in self-defense. The use of force is justified when a person reasonably believes that force is necessary for the defense of oneself or another against the immediate use of unlawful force. However, a person must use no more force than appears reasonably necessary under the circumstances.

The government must prove beyond a reasonable doubt that the defendant did not act in reasonable self-defense.

## DUTY TO DELIBERATE

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges – judges of the facts. Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience.

The foreperson will write the unanimous answer of the jury in the space provided for each count of the superseding indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer. I will either reply in writing or bring you back into the courtroom to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

When you have reached a unanimous verdict, you will let the court security officer know. The court security officer will then escort you back to the courtroom to announce your verdict.

**LEON SCHYDLOWER**

**UNITED STATES DISTRICT JUDGE**